*425 OPINION.
Milijken :
In the absence of any evidence respecting the disallowance of the rent deduction, we need only consider the propriety of the disallowance of the deduction of $5,000 alleged to have been sustained as a loss in 1920 on the sale of real estate. The petitioner’s contention is that it purchased the church property in question from F. B. T. Hollenberg, in 1916, and thereafter sold it back to the stockholders during 1916 or 1917, retaining the liability to deliver the pipe organ, which liability resulted in a loss in the year 1920, when the settlement was made therefor with the First Presbyterian Church. The resolution of January 11, 1916, together with the resolution of February 6, 1917, and the oral testimony, tended to show that the petitioner did purchase the property from Hollenberg pursuant to the oral agreement existing between them. However, it is not clear that the later disposition of petitioner’s interest constituted á sale. The petitioner apparently considers the 24 per cent dividend declared by the resolution of February 6, 1917, to be a cash dividend and that the stockholders took the real estate in lieu of the cash due them thereunder. However, the resolution, as interpreted by the parties, authorizes the distribution of its interest in real estate and of certain stock (whether in the petitioner corporation or the proposed new corporation, is uncertain).
The oral testimony indicates that the parties involved considered the steps taken to dispose of the property interest to be a sale, but the record does not disclose just what took place. It is evident that no clear distinction was made between the petitioner corporation and the individuals who were its stockholders. This confusion of interests is reflected in the testimony, making it impossible to draw therefrom a comprehensive understanding of the plan worked out by petitioner. If, as the resolution of February 6, 1917, indicates, the petitioner merely distributed the property interest along with other dividends, we.are unable to see that loss, contingent or otherwise, resulted from the distribution. Since we are unable to find as a fact that a sale was made, we need not further consider the petitioner’s contention that it sustained a $5,000 loss in 1920.

Judgment will be entered for the respondent.